Laura M. Egerman, Farr, Burke, Gambacorta & Wright, Bellmawr, NJ; and John R. Weaver, Jr., Wilmington, DE, for Respondent.

Before SLOVITER, NYGAARD and FUENTES, Circuit Judges.

## OPINION

PER CURIAM.

Caroline P. Ayres–Fountain has filed a mandamus petition requesting that we order the District Court to (1) vacate its order dismissing her complaint; (2) rule on her motion to amend; (3) order the state court proceedings stayed; and (4) hold an evidentiary hearing. Ayres–Fountain filed a complaint in the District Court for the District of Delaware alleging fraud by Eastern Savings Bank and seeking recission of a mortgage note. The District Court granted Eastern Savings's motion to dismiss. Ayres–Fountain filed a notice of appeal which was docketed at C.A. No. 05–2418.

**In re: Caroline P. AYRES–FOUNTAIN Petitioner.**

**No. 05–2410.**

United States Court of Appeals, Third Circuit.

Submitted Under Rule 21, Fed. R.App. P. June 16, 2005.

Decided June 28, 2005.

Caroline P. Ayres–Fountain, Hockessin, DE, pro se.

Laura M. Egerman, Farr, Burke, Gambacorta & Wright, Bellmawr, NJ, John R. Weaver, Jr., Wilmington, DE, for Respondent.

Before SLOVITER, NYGAARD AND FUENTES, Circuit Judges.

OPINION

PER CURIAM.

Caroline P. Ayres–Fountain has filed a mandamus petition requesting that we order the District Court to (1) vacate its remand order; (2) rule on her motion to amend her notice of removal; (3) order the state proceedings stayed; and (4) hold an evidentiary hearing. Ayres–Fountain had filed a notice of removal from a state court action filed against her by Eastern Savings Bank. The District Court granted Eastern Saving's motion to remand.

The writ of mandamus will issue only in extraordinary circumstances. *See Sporck v. Peil,* 759 F.2d 312, 314 (3d Cir.1985). As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. *Kerr v. United States District Court,* 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). An order remanding a case to state court is not reviewable on appeal or otherwise unless the case was removed pursuant to 28 U.S.C. § 1443. 28 U.S.C. § 1447(d).

Here, Ayres–Fountain stated in her notice of removal that the case was being removed pursuant to 28 U.S.C. §§ 1441 & 1446. Thus, we may not review the District Court's order remanding the case to state court or order the District Court to hold an evidentiary hearing. With respect to her request that we order the District Court to stay the state court proceedings, that request is barred by the Anti–Injunction Act. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its

jurisdiction, or to protect or effectuate its judgments."). In her motion to amend her notice of removal, Ayres–Fountain argued that Eastern Savings was a Federal Savings Bank. Because the District Court explicitly considered this argument, we conclude that Ayres–Fountain has no clear and indisputable right to have the District Court rule on her motion to amend her notice of removal.

For the above reasons, we will deny the petition for a writ of mandamus.